PARKER v. HOMAN et al.

(Supreme Court, Appellate Term. May 5, 1904.)

1. TRIAL—MOTION TO DISMISS—FAILURE TO MOVE—EFFECT.

Failure of a defendant to move to dismiss the complaint, or for judgment at the close of the case, constitutes an admission that the case was properly left to the court for decision.

2. AUTOMOBILES—ACCIDENTS—IMPUTED NEGLIGENCE.

Where there was evidence that defendants' employé, on the occasion of an accident with an automobile, had been directed by defendants to accompany the operator of the machine for the purpose of instructing and assisting him in its operation, and that the machine was under defendants' control at the time, the negligence of the operator was imputable to defendants.

Appeal from Municipal Court, Borough of Manhattan, Eleventh District.

Action by Patrick Parker against Frank B. Homan and others. From a Municipal Court judgment in favor of plaintiff, defendants Homan and Schulz appeal. Affirmed.

Argued before FREEDMAN, P. J., and LEVENTRITT and GREENBAUM, JJ.

Edward Miehling, for appellants.
Rose & Putzel, for respondent.

PER CURIAM. As no motion for the dismissal of the complaint or for judgment in their favor was made by any of the defendants at the close of the case, they conceded that the case was properly left to the court for decision. Moreover, an examination of the record discloses that the ownership of the automobile at the time of the accident was not conclusively proven to have existed either in the defendants Homan or Schulz or in the defendant Pendleton, and there was sufficient evidence from which the judge could have found that the appellants were still the owners at that time.

There was also sufficient evidence to justify the conclusion that the appellants' employé was on the occasion of the accident directed to accompany the operator of the machine for the purpose of instructing and assisting him in its operation, and that, therefore, the negligence of the operator was imputable to the appellants, and that the machine was under their control.

The judgment must be affirmed, with costs.